

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. O-1111
Re: The words "particular political subdivision" referred to in Subdivision 18 of Section 15 of Article 666, Penal Code, refer to the incorporated city or precinct, rather than to the county.

Your inquiry of recent date submits this question:

"Does the word 'particular political subdivision' refer to the county in which the permit is sought or to the precinct or incorporated city in which the permit is sought?"

Subdivision 18, Section 15 of Article 1 of the Liquor Control Act provides, among other things, that:

"Retail Pharmacists shall be entitled to receive medicinal permits and sell or dispense liquor for medicinal purposes only. The holders of such permits are authorized to purchase liquor from holders of wholesaler's permits in this State. Any pharmacy for which a permit is sought must be a bona fide pharmacy registered with the State Board of Pharmacy; must employ and have on duty at all times a registered pharmacist and must have been in operation as a pharmacy for at least two (2) years in the particular political subdivision in which a permit is sought."

Section 10 of Article 1 of the Liquor Control Act provides, among other things, that:

"Every applicant for a Pharmacist's Medicinal, Brewer's, Distiller's, Winery (except Class B Winery), Wholesaler's, Class B Wholesaler's, Wine

Hon. Bert Ford, Page #2.

Bottler's, or Package Store Permit under this Act shall give notice of such application by publication for two (2) consecutive issues in a newspaper of general circulation published in the city or town in which applicant's place of business is located. Provided, however, that in such instances where no newspaper is published in the city or town, then the same shall be published in a newspaper of general circulation published in the county where the applicant's business is located, ..."

Section 13 of Article 1 of the Liquor Control Act provides:

"Any permit granted under this Act shall be a purely personal privilege."

The Liquor Control Act is restrictive. The evident purpose of the provisions with reference to pharmacy permits is to limit those eligible for the permit so as to protect the particular community from being flooded with mushroom pharmacies dispensing liquor under liquor permits. The quotation above from Section 10 of the Act evidences that the Legislature had in mind incorporated cities and precincts as political subdivisions of the State.

In view of the quoted provisions and the evident purpose of the Act, it is our opinion that the Legislature, by the language "particular political subdivision," meant the particular subdivision in which the business is located at the time the application is made, and that if that business is located within an incorporated city, then the pharmacy must have been in operation within the incorporated city for a period of two years.

In our opinion, the phrase used does not refer to the county as the particular political subdivision, but it does refer to the city or the precinct in which the business is located and has been operated for a period of two years.

Yours very truly

APPROVED AUG 3, 1939

*Grae Mann*

ATTORNEY GENERAL OF TEXAS

ASR:pbp

ATTORNEY GENERAL OF TEXAS

By _____
A. S. Rollins
Assistant

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN